UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY BROWN,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN STEVIE M. KNIGHT,<br><br>    Respondent. | Civil Action No. 23-1350 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Gary Brown's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF No. 8.) Petitioner also filed a motion seeking appointed counsel. (ECF No. 5.) By way of background, at the time he filed his petition, Petitioner was a federal prisoner confined at FCI Fort Dix. (ECF No. 1 at 1.) Through his petition, Petitioner sought to be declared eligible for additional credits towards his release pursuant to the First Step Act, which he believed he was being improperly denied. (*Id.* at 2-7.)

In July 2023, Petitioner filed a letter indicating that he had been transferred to a halfway house and was scheduled for eventual release. (ECF No. 9.) In January 2024, the Government finally filed a response to that change in the form of a letter requesting that this matter be dismissed as moot. (ECF No. 10.) In that letter the Government confirms that Petitioner was, in fact, released from BOP custody on July 31, 2023. (*Id.* at 1.) Because Petitioner is no longer in BOP custody, and because his petition sought the award of additional credits towards his release, the Government contends that this matter has now become moot. (*Id.*)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). As Petitioner has been released from BOP custody and may no longer be awarded further credits towards his release, Petitioner's habeas petition, which sought the granting of further credits towards his release, has now become moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50. Petitioner's habeas petition must therefore be dismissed. Because the petition shall be dismissed as moot, Petitioner's motion seeking appointed counsel (ECF No. 5) is in turn denied as moot.

**IT IS THEREFORE** on this 5th day of January, 2024,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is further

**ORDERED** that Petitioner's motion seeking appointed counsel (ECF No. 5) is **DENIED** as moot in light of the dismissal of his petition; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge